Case 3:22-cv-00156-DPJ-FKB   Document 5-1   Filed 03/28/22   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUSTIN DEWAYNE DICKERSON, #232596                           PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:22-cv-00156-DPJ-FKB

DEWITT FORTENBERRY, et al.                              DEFENDANT(S)


ORDER

This cause comes before this Court for processing pursuant to the Prison Litigation Reform Act, Title 28, United States Code, Section 1915 and Section 1932. The Court is providing you with notice of these code sections, along with Section 47-5-138 of the Mississippi Code of 1972, since they may affect your decision to proceed with this action.

The Clerk of Court shall mail to the prisoner filing this complaint a copy of the Notice (Form PSP-1); Acknowledgment of Receipt and Certification (Form PSP-3) and a form by which the plaintiff may voluntarily dismiss (Form PSP-4) his or her lawsuit.

The plaintiff is directed that if he or she wants to continue with this case the plaintiff shall sign the Acknowledgment (Form PSP-3) and return it to the Clerk of Court within thirty (30) days from the date of this Order.

The plaintiff is further directed that if he or she wants to dismiss this case, then the plaintiff shall sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days from the date of this Order.


**PSP-2**

The plaintiff is warned that his or her failure to return one or the other of the forms within thirty (30) days and his or her failure to advise this court of a change of address will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed sua sponte, without prejudice, without further written notice.

SO ORDERED this the 28th day of March, 2022.


s/F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NOTICE TO PRISONERS FILING COMPLAINTS

The attached Acknowledgment of Receipt must be signed and returned if you wish to continue your lawsuit.

Please read carefully the below detailed provisions of the Prison Litigation Reform Act, Title 28, United States Code, Section 1915 and Section 1932, along with Section 47-5-138 of the Mississippi Code of 1972 since they may affect your decision to continue with this lawsuit.

I.    **IMPOSITION OF FILING FEES AND ADMINISTRATIVE FEES**

In accordance with the *in forma pauperis* (IFP) statute, as a prisoner you will be obligated to pay the full filing fee of $350.00 (subject to change) for a civil action, or $505.00 (subject to change) for an appeal.

1.  If you have the money to pay the $350.00 (subject to change) filing fee plus a $52.00 (subject to change)  administrative fee, you should immediately send a cashier's check or money order to the court.

2.  If you are denied permission to proceed in forma pauperis, you will be required to pay the $350.00 (subject to change) filing fee plus a $52.00 (subject to change) administrative fee.

3.  If you are granted permission to proceed in forma pauperis because you do not have enough money to pay the full filing fee the court will assess an initial partial filing fee.  The initial partial filing fee will be equal to 20 percent of the average monthly deposits to your prison account for the last six months or 20 percent of the average monthly balance in your prison account for the last six months period, whichever is greater.  The court will order the agency that has custody of you to take that initial partial filing fee out of your prison account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee.  Until the amount of the filing fee is paid in full, each month you will owe 20 percent of your preceding month's income credited to your prison account toward the balance.  The agency that has custody of you will collect that money and send payments to the court any time the amount in your prison account exceeds $10.00.

4.  Regardless of whether some or all of the filing fee has been paid, the court is required to screen your complaint and to DISMISS the complaint if:

       a.     Your allegation of poverty is untrue;
       b.     The action is frivolous or malicious;
       c.     Your complaint does not state a claim upon which relief can be granted; or
       d.     You sue a defendant for money damages and that defendant is immune from liability for money damages.

5.  Judgments including costs-  If a judgment is rendered against you that includes the payment of costs, you will be required to pay the **full amount** of the costs ordered.  You will be required to make payments for costs in the same manner as is provided for filing fees.

II.    **NOTICE AND WARNING**

   **1. Federal Law- Future Suits May be Barred**
      Under the IFP statute, 28 U.S.C. § 1915, if a prisoner has, on **3** or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was **dismissed** on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted, the prisoner **will be barred** from bringing any further civil action or appeal a judgment in a civil action or proceeding under this section unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915 (g).

   **2. Federal Law- Loss of Good Time**
      Under Title 28 U.S.C. § 1932, in any civil action brought by an adult convicted of a crime and confined in a <u>Federal Correctional Facility</u>, if the court finds that the claim was filed for a malicious purpose, or the claim was filed solely to harass the party against which it was filed, or the claimant testifies falsely or otherwise knowingly presents false evidence or information to the court, the court may order the revocation of earned good time credit under 18 U.S.C. § 3624(b), that has not yet vested.

   **3. State Law- Loss of Good Time**
      Under Mississippi Code § 47-5-138, if a lawsuit brought by an inmate while the inmate was in the custody of the Department of Corrections is dismissed as frivolous or malicious, by a final order, the department shall forfeit:
            a. **Sixty (60) days** of an inmate's accrued earned time if the department has received one (1) final order;
            b. **One hundred twenty (120) days** of an inmate's accrued earned time if the department has received two (2) final orders;
            c. **One hundred eighty (180) days** of an inmate's accrued earned time if the department has received three (3) or more final orders.

   The Department may <u>not restore</u> earned time forfeited under this section.

   In light of the potential consequences of having your case dismissed as "frivolous" you are advised that the term "frivolous" may have a legal meaning that is different from what you consider this term to mean. Even though you are completely sincere in your suit, it may be dismissed as "frivolous" if it lacks an arguable basis in law or fact. Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

PSP-1

4

AFTER REVIEWING THE CORRESPONDENCE FROM THIS COURT, IF YOU WISH TO DISMISS YOUR LAWSUIT YOU SHOULD SIGN THIS NOTICE OF VOLUNTARY DISMISSAL AND RETURN IT TO THE CLERK OF COURT WITHIN THIRTY DAYS.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN    DIVISION

JUSTIN DEWAYNE DICKERSON, #232596                                    PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 3:22-cv-00156-DPJ-FKB

DEWITT FORTENBERRY, et al.                                    DEFENDANT(S)

### NOTICE OF VOLUNTARY DISMISSAL

As the plaintiff, I hereby dismiss this cause, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. I further attest that this motion is voluntarily made and is not based upon pressure or threats from any source whatsoever.

This the _____ day of _____, 20____.

_____
Signature of Plaintiff

PSP-4